**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CECILIA GRANATA,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-02297

Judge Manish S. Shah

Magistrate Judge Maria Valdez

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NO. 16'S MOTION [31]</u>

Defendant No. 16 urlinen ("Defendant") copied Plaintiff, Cecilia Granata's ("Plaintiff" or "Granata") works protected by U.S. Copyright Registration Nos. VA 2-217-328, VA 2-217-334, and VA 2-217-340 (the "Cecilia Granata Works"), and sold them through its online storefront urlinen.com. At least one completed, pre-suit sale was accepted, confirmed, shipped, and delivered to Chicago, Illinois. Defendant's Motion [31] (the "Motion") nonetheless rests on a single premise: that it is a stranger swept into a dragnet on nothing more than an interactive website accessible in Illinois. The record refutes that premise. The payment-account records produced under the expedited discovery order [16] show that the account used for urlinen.com is one of at least eleven commonly held PayPal accounts belonging to a single natural person, 静 唐 (Jing Tang), operating under two corporate names. *See* Declaration of Keith A. Vogt (the "Vogt Decl.") ¶¶ 4–14, Exhibits A, C, D. Defendant, by contrast, supports its Motion with no declaration, affidavit, or exhibit.

Defendant's Motion fails for four independent reasons. First, because Defendant offers no declaration, affidavit, or exhibit, it controverts nothing, and Plaintiff's *prima facie* showing of jurisdiction must be accepted as true. Second, this Court has specific personal jurisdiction because Defendant accepted, confirmed, and delivered an infringing order into Illinois — the exact forum-

directed conduct the Seventh Circuit held sufficient in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), and that this Court itself held sufficient in *Manchester United Football Club Ltd. v. Partnerships*, No. 24 CV 5692, 2024 WL 5202272 (N.D. Ill. Dec. 23, 2024). Third, Fed. R. Civ. P. 4(k)(2) independently supplies personal jurisdiction over this foreign Defendant based on its aggregate United States contacts. Fourth, Defendant's misjoinder argument fails because Rule 21 does not permit the dismissal Defendant demands and because the named defendants, including Defendant, form a single swarm trafficking in the same Cecilia Granata Works, establishing joinder under Rule 20. For these reasons, this Court should deny Defendant's Motion in its entirety.

I. **This Court Has Specific Personal Jurisdiction Because Defendant Accepted, Processed, and Confirmed an Infringing Order Bound for Illinois**

A. Plaintiff Need Only Make a *Prima Facie* Showing, Which Defendant's Evidence-Free Motion Leaves Unrebutted.

When a court decides a Fed. R. Civ. P. 12(b)(2) motion on written materials without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction; the court may receive and weigh affidavits and other evidence outside the pleadings, and the plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthélabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003); *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). Defendant's own lead authority states this very standard, which Plaintiff more than satisfies on this record.

Two reasons this standard defeats this Motion. First, Defendant's premise that the Complaint "fails to plead facts establishing personal jurisdiction" misstates the governing law, because "a complaint need not include facts alleging personal jurisdiction." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *Purdue*, 338 F.3d at 782. The question on a Rule 12(b)(2) motion is not what the Complaint pleads about jurisdiction, but whether Plaintiff's evidence makes out a *prima facie* case. Here, Granata's evidence does. Second, a plaintiff is

required to "go beyond the pleadings and submit affirmative evidence" only "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83. Here, Defendant submitted none. Its Motion is unaccompanied by any declaration, affidavit, or exhibit; it therefore controverts nothing in Plaintiff's showing and creates no factual dispute for the Court to resolve. Plaintiff's proof stands unrebutted and must be taken as true. *Curry*, 949 F.3d at 392–93.

B. <u>Defendant Accepted, Processed, Confirmed, and Delivered an Infringing Order Into Illinois, Establishing Specific Personal Jurisdiction.</u>

Defendant purposely targeted the United States and Illinois markets and consummated a sale here. On February 17, 2026, nearly two weeks before Plaintiff filed this action on March 2, 2026, an investigator acting at the direction of Plaintiff's counsel purchased an infringing product, the "Retro Mushroom Art Print T-shirt" (Product ID 149-240711-a41-MT00713SM9), from Defendant's urlinen.com storefront for $21.99 plus $10.99 in shipping, for a total of $32.98. Vogt Decl. ¶¶ 4–7, Ex. A. Defendant accepted, processed, and confirmed that order and shipped it to a delivery address in Chicago, Illinois 60604, where the infringing product was delivered on March 19, 2026. *Id.*; *see* Vogt Decl. ¶ 7, Ex. D. The transaction cleared through PayPal (Transaction ID 9US77414SN7903705) and generated an invoice bearing the "UR" prefix associated with the urlinen storefront (Invoice ID 1973888-UR00028922). *Id.* That is a completed, confirmed, forum-directed sale, not a mere offer to ship nor a passive website. Notably, the PayPal receipt for the urlinen.com test purchase identifies the seller of record as "Winter Sweet Clothing Co., LTD," with the seller-contact email service@zhuoda.work and the card-statement descriptor "PAYPAL *WINTERSWEETXAZC," yet Defendant filed its Motion under the corporate name "Magic Matrix Technology Co. LTD." Vogt Decl. ¶ 8, Ex. A. A single natural person, 静唐 (Jing Tang), holds eleven of the subpoenaed payment accounts — eight bearing the statement name

"MAGICMATRIX" and three "WINTERSWEET" — each registered under its own email in a consistent naming pattern, and PayPal's production links all eleven under service@zhuoda.work, the seller-contact email shown on the urlinen.com receipt. Vogt Decl. ¶¶ 10–14, Ex. C. In other words, urlinen, Winter Sweet, and Magic Matrix are the same operator. That evidence not only confirms Defendant's identity behind the storefront; it independently reinforces that Defendant purposely targeted this forum through a coordinated commercial operation, not a passive listing.

Those forum-directed contacts are sufficient to establish specific personal jurisdiction. *See NBA Props.*, 46 F.4th at 621–24. In *NBA Properties*, the Seventh Circuit held that an online seller's acceptance of an order and shipment of an infringing product into the forum is purposeful availment that supports specific jurisdiction. *Id.* Moreover, there is "no unfairness in making a seller defend a suit in a state where it structured its business to 'easily serve the state's consumers.'" *Id.* at 627 (*quoting Curry*, 949 F.3d at 402). Defendant structured urlinen.com to do exactly that: it offered its infringing products for sale to Illinois consumers, accepted payment in U.S. dollars, and fulfilled and shipped the order to Chicago. Vogt Decl. ¶¶ 4–9, Exs. A–B.

This Court has previously resolved the precise jurisdictional question Defendant's Motion raises, and resolved it against the defendant. In *Manchester United Football Club Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 24 CV 5692, 2024 WL 5202272, at *4–*5 (N.D. Ill. Dec. 23, 2024), this Court denied a Schedule A defendant's motion to dismiss for lack of personal jurisdiction, holding that "a single sale can be enough to establish personal jurisdiction" over a foreign online seller. *Id.* (*citing NBA Props.*, 46 F.4th at 624). This Court found purposeful availment where a defendant placed items for sale on a third-party site, took an order from an Illinois resident, confirmed the order, and shipped the product. This Court also held that even a defendant whose order was later canceled was subject to

jurisdiction because, by accepting the order and payment, it asserted a willingness to ship goods to Illinois and established the capacity to do so. *Id.* Plaintiff's evidence here, a completed, paid test purchase from urlinen.com that Defendant shipped to Illinois and processed through its own PayPal account, satisfies the very standard this Court articulated. The Court, therefore, should likewise hold here that a single completed Illinois sale suffices and reject Defendant's jurisdictional challenge.

C. <u>Defendant's Remaining Arguments Do Not Overcome a Completed, Documented Forum Sale.</u>

Defendant's anticipated retort, that the sale should be disregarded because it was made at the direction of Plaintiff's counsel, is foreclosed by the same authority. The Seventh Circuit in *NBA Properties* squarely rejected the "manufactured jurisdiction" theory, holding that the plaintiff's motive in placing the order is irrelevant to whether the defendant purposefully availed itself of the forum. *See NBA Props.*, 46 F.4th at 621–22. What matters is that Defendant accepted, processed, and confirmed the order and shipped it to Illinois. That the recipient was identified under a delivery pseudonym ("Burke Michelle"), a standard investigative practice, *see* Vogt Decl. ¶ 5, changes nothing: Defendant's own forum-directed conduct of accepting and shipping this order establishes jurisdiction. *See NBA Props.*, 46 F.4th at 621–22.

Defendant's cited cases do not help it because none involve a documented, completed forum sale. Defendant relies on *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011), *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014), *Rubik's Brand Ltd. v. P'ships*, No. 20-cv-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021), and *Expeditee LLC v. Entities on Exhibit 1*, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022). Each turned on the absence of any actual, forum-directed transaction, such as an interactive or accessible website, an offer to ship, or the mere capacity to reach the forum, with no

completed sale into it. Here, by contrast, the record contains a documented, confirmed, pre-suit sale that Defendant accepted, processed, and shipped to Chicago. Vogt Decl. ¶¶ 4–7, Ex. A. *Rubik's Brand* and *Expeditee* also predate *NBA Properties*, and to the extent *Expeditee* discounted purchases made by a plaintiff's investigator, the Seventh Circuit has since held that the buyer's identity and motive do not undermine purposeful availment. *NBA Props.*, 46 F.4th at 621–22. Defendant's reliance on *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012), fares no better; the intentional, forum-directed conduct the court described there as sufficient is precisely what Defendant's completed Illinois sale supplies.

Defendant's invocation of *Rahner v. Schedule A*, No. 1:26-cv-06678, does not change the analysis either. *Rahner* is a minute-order entered *sua sponte* by a different judge (Blakey, J.) six days after that complaint was filed (*Rahner*, Dkt. 13, June 10, 2026) that dismissed the complaint without prejudice and granted leave to amend, a threshold, cure-window order, not a merits adjudication, and one that carries no precedential weight before this Court. It is also factually distinct: the court there acted on a complaint that identified no documented forum sale. This very defect is absent here. Vogt Decl. ¶¶ 4–7, Ex. A. A *sua sponte*, leave-to-amend dismissal of a different complaint by a different plaintiff has no bearing on the completed Illinois sale documented in this record. This Court's prior order ([16]) granting expedited discovery and Rule 4(f)(3) alternative service made no personal-jurisdiction or merits finding and imposed no asset freeze; it leaves the *prima facie* question to be decided on the evidence now before the Court, which should resolve in Plaintiff's favor. Accordingly, this Court should deny Defendant's Motion and hold that specific personal jurisdiction is proper.

## II. Rule 4(k)(2) Provides an Independent Basis for Personal Jurisdiction

Alternatively, if the Court were to find Illinois-specific contacts lacking, Fed. R. Civ. P. 4(k)(2) provides an independent basis for exercising personal jurisdiction over this foreign

Defendant. Rule 4(k)(2) authorizes any federal court to exercise personal jurisdiction over a defendant on a claim arising under federal law where the defendant is not subject to jurisdiction in any single state's courts and the exercise of jurisdiction is consistent with the Constitution, that is, where the defendant's aggregate contacts with the United States as a whole are substantial. *See* Fed. R. Civ. P. 4(k)(2); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551–52 (7th Cir. 2001); 28 U.S.C. § 1391(c)(3).

Each element is met here. Plaintiff's claims arise under federal copyright law, 17 U.S.C. §§ 101 et seq. Defendant is a foreign entity. And Defendant's aggregate contacts with the United States are substantial: it operates a U.S.-facing storefront, prices and accepts payment in U.S. dollars, and, through eleven commonly held PayPal accounts linked under the common selector service@zhuoda.work, processes a substantial volume of U.S. sales, including the confirmed sale into Illinois. Vogt Decl. ¶¶ 4–14, Exs. A, C. Those aggregate U.S. contacts satisfy due process.

"A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed," and if the defendant "refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *ISI Int'l*, 256 F.3d at 552. Here, Defendant has not identified any state in which it would consent to suit, and 28 U.S.C. § 1391(c)(3) provides that a defendant not resident in the U.S. may be sued in any judicial district. Thus, this Court should deny Defendant's Motion and hold personal jurisdiction proper under Rule 4(k)(2).

### III. Defendant Is Properly Joined With the Other Schedule A Defendants, and Rule 21 Forecloses Dismissal in Any Event.

A. Rule 21 Forbids the Dismissal Defendant Demands and Limits Any Remedy to Severance.

Defendant's misjoinder argument fails at the threshold because the relief it requests is not available. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," and it authorizes a court to "drop a party" or sever claims, not to dismiss them. Fed. R. Civ. P. 21.

The Seventh Circuit enforces that text: "the remedy for misjoinder is severance or dismissal without prejudice, not dismissal with prejudice," *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 857 (7th Cir. 2018), and a court "formulating a remedy for a misjoinder … is required to avoid gratuitous harm to the parties," severing rather than dismissing, *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *accord Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). Defendant's demand that the Court "dismiss" it for misjoinder is therefore foreclosed by the Rule's plain text, and its alternative request for severance would at most move Defendant to its own docket, with the prior filings preserved, not end the case against it.

B. Joinder Is Proper Because the Named Defendants Form a Single Swarm Trafficking in the Same Cecilia Granata Works.

In any event, joinder was proper. Rule 20 is a procedural "device centrally concerned with the economies of aggregating small claims" and is meant to "enable economies in litigation." *Elmore*, 227 F.3d at 1012. It has no effect on substantive rights, *McGilvray v. Powell*, 186 F.2d 909, 911 (7th Cir. 1951), and, like every rule, must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1; *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("the impulse [under the Rules] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged."). Under Rule 20(a)(2), defendants may be joined where the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and share at least one common question of law or fact. Fed. R. Civ. P. 20(a)(2). The Seventh Circuit affords district courts "considerable flexibility" in applying that standard, *UWM Student Ass'n*, 888 F.3d at 863, permitting joinder where it comports with "the principles of fundamental fairness" and denying it

only where joinder would create "prejudice, expense or delay," *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

Defendant asks the Court to extract it from this case on the theory that it is a stranger to the rest. The record shows the opposite. This is not a case in which unrelated sellers happen to infringe a grab-bag of different artists' works; it is a bounded cluster of sellers all gravitating toward the same small portfolio of one artist's copyrighted works, the Cecilia Granata Works, because those works are profitable to copy and resell. Each named defendant, Defendant No. 16 included, traffics under the cloak of anonymity in the same copyrighted works, copied wholesale and deployed across the same or similar consumer goods in the same online marketplace. That repetition — in both the choice of Plaintiff's artwork and the manner in which it is exploited without authorization to sell pirated products online — is precisely the kind of shared, overlapping facts that transforms separate listings into the same series of infringing occurrences. *See Bose Corp. v. P'ships*, 334 F.R.D. 511, 516 (N.D. Ill. 2020); *see also United States v. Mississippi*, 380 U.S. 128, 142 (1965) (joinder proper even though the defendants were independent actors who did not directly interact, because their actions were part of the same series of transactions or occurrences). This District has recognized that a concurrent online operation — "the swarm—the fact that all Defendants are attacking at once" — can itself constitute the Rule 20 "occurrence." *Bose*, 334 F.R.D. at 517.

Defendant's authorities do not hold otherwise; they describe the case Plaintiff has not brought. Defendant relies on *Roadget Business Pte. Ltd. v. Individuals*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024) (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)), *Ilustrata Servicos Design Ltda. v. P'ships*, No. 21-cv-5993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021), and *UWM Student Ass'n*, 888 F.3d at 863, for the proposition that similar infringement across a common platform is not enough. But the plaintiffs in *Roadget* and *Ilustrata*

alleged only that unrelated sellers happened to infringe the same works on the same platform — parallel conduct, with no facts binding the listings into a common course of dealing. That is why those courts found the same-transaction element unmet. Here, the defendants are not linked by the marketplace alone; they are linked by their common objective — the wholesale copying of the same narrow set of Cecilia Granata Works for illicit profit — pursued through the same anonymous online method. What these courts have found insufficient is precisely what Plaintiff does not rely on here: identical images or a shared marketplace standing alone. *Bailie v. P'ships*, 734 F. Supp. 3d 798, 804 (N.D. Ill. 2024) (Gottschall, J.).

Joinder is independently supported by the common questions this case presents. Every claim turns on the same core issues — whether each storefront's products infringe the same Cecilia Granata Works, whether the copying was willful, and what remedies follow under the Copyright Act, 17 U.S.C. §§ 502, 504, and 505 — which is more than Rule 20(a) requires. *See* Fed. R. Civ. P. 20(a); *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Each defendant, Defendant No. 16 included, is "[taking] advantage of a set of circumstances — the anonymity and mass reach afforded by the internet and the cover afforded by international borders — to violate [Plaintiff's copyrights] with impunity." *Bose*, 334 F.R.D. at 516; *accord Neman Bros. & Assocs., Inc. v. P'ships*, No. 24 C 05666, 2024 WL 5056449, at *4 (N.D. Ill. Dec. 10, 2024); *Aidong Zou v. Entities*, No. 23-cv-16600, Dkt. 60 (N.D. Ill. Mar. 8, 2024) (Kendall, J.) ("there is a clear logical relationship between Defendants' actions, as each Defendant copied [Plaintiff's] work … and set up online stores to sell the [infringing products] under a cloak of anonymity"); *Milwaukee Elec. Tool Corp. v. Individuals*, No. 24 C 12487, Dkt. 156 (N.D. Ill. May 28, 2025) (upholding joinder of more than eighty defendants). Joinder is proper under Rule 20.

10

C. <u>Defendant Is No Stranger Swept Into a Dragnet; Its Own Concealed, Multi-Account Operation Confirms Deliberate Participation.</u>

Far from being an innocent bystander pulled into a dragnet, Defendant is itself a sophisticated, multi-entity operator that has taken pains to obscure who it is. The payment-account records produced under this Court's order [16] show that the account behind the urlinen.com sale is one of at least eleven commonly held PayPal accounts belonging to a single natural person, 静唐 (Jing Tang), operating under two corporate names — "MAGICMATRIX" and "WINTERSWEET" — with each account registered under its own patterned email and all eleven linked in PayPal's production under the common selector service@zhuoda.work, the same seller-contact email shown on Defendant's own infringing receipt. Vogt Decl. ¶¶ 8, 10–14, Exs. A, C. A seller that fulfills its Illinois sales through eleven cloaked accounts under two shell names is not a stranger who wandered into this suit by accident; it is a deliberate participant in precisely the kind of anonymous online infringement that Rule 20 permits to be tried together. And Defendant does not deny any of it. Though its true ownership and corporate structure lie within its own exclusive knowledge, Defendant submitted no declaration, no corporate disclosure, and no notification of affiliates under Local Rule 3.2, asking the Court to brand it a "stranger" while withholding the very facts that would establish its identity. A movant cannot manufacture misjoinder by staying silent about who it is while the record affirmatively shows a concealed, coordinated operation.

D. Courts in This District Routinely Reject These Challenges, and Severance Would Undermine Judicial Economy.

Courts in this District routinely reject materially identical misjoinder challenges in individual-artist Schedule A copyright cases, holding at the pleading stage that the complaint adequately supports joinder. *See Maier v. P'ships*, No. 25-cv-07534, Dkt. 58 (N.D. Ill. Mar. 25, 2026) (Alonso, J.) (denying the appearing defendant's motion to dismiss for improper joinder

because, "at this early stage of the case, the Court is satisfied that the complaint adequately pleads sufficient facts supporting permissive joinder"); *accord Hein v. P'ships*, No. 25-cv-12608, Dkt. 38 (N.D. Ill. Mar. 4, 2026) (Durkin, J.) (denying motion to dismiss for misjoinder). And where the connection among storefronts is contested, courts permit targeted discovery into the relationship rather than severing at the threshold. *See Ubifunstudio Co. v. Individuals*, No. 1:25-cv-03543, Dkt. 12 (N.D. Ill. July 18, 2025) (Valderrama, J.) (sustaining joinder because "the declaration and exhibits submitted in support" showed the Rule 20 requirements met); *Anderson Design Grp., Inc. v. P'ships*, No. 1:25-cv-11640, Dkt. 55 (N.D. Ill. Apr. 24, 2026) (Rowland, J.) (holding a misjoinder motion in abeyance and ordering "limited expedited discovery as to the relationships among the … Defendants").

Severance would squander the judicial economy that Rule 20 exists to secure. Liability turns on a small set of questions common to every defendant: the validity of the same Cecilia Granata registrations, the substantial similarity of each storefront's products to those works, the willfulness of the copying, and the remedies available under the Copyright Act. Answered once, those questions dispose of the case; severed, they must be relitigated storefront by storefront, forcing a single artist to file, serve, and fund a separate action against each anonymous foreign seller — each with its own complaint, its own summons and service, and its own motion practice against sellers who may never appear — all to resolve the identical registration, substantial-similarity, willfulness, and remedy questions this Court could decide once. That multiplication of identical suits taxes the Court and the artist alike, yields nothing the single action does not, and would leave a creator who depends on her art for a living little practical path to relief. Keeping the claims together instead advances "the just, speedy, and inexpensive determination" of the action.

Fed. R. Civ. P. 1; *see Chavez*, 251 F.3d at 632; *UWM Student Ass'n*, 888 F.3d at 863. This Court routinely administers multi-defendant Schedule A actions far larger than this one.

Defendant, for its part, identifies no prejudice from joinder, because there is none. It remains free to assert every individual defense available to urlinen alone; joinder neither merges the claims nor dilutes any defense. Should the manageability of an eventual trial ever be implicated, that concern has its own remedy in separate trials under Rule 42(b), not dismissal now, and not severance of a defendant the record ties to the same swarm. The Court should therefore deny Defendant's Motion; and even if some joinder defect existed, the only remedy Rule 21 permits is severance of any misjoined defendant to its own docket, with all filings transferred, so the suit can proceed, not dismissal, and nothing on this record warrants even that.

## CONCLUSION

Defendant's Motion fails on every front. Defendant's acceptance, processing, and confirmation of an infringing order shipped to and delivered in Chicago establish specific personal jurisdiction under controlling Seventh Circuit precedent and under this Court's own decision in *Manchester United*, and Fed. R. Civ. P. 4(k)(2) supplies an independent basis to exercise personal jurisdiction over this foreign Defendant. Defendant's misjoinder argument fails because Rule 21 forbids the dismissal Defendant demands, and because the named defendants, including Defendant, form a single swarm trafficking in the same Cecilia Granata Works, establishing joinder under Rule 20. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion [31] in full; alternatively, any relief under Rule 21 should be limited to severance, not dismissal, and is premature before discovery. All unpublished decisions cited herein are attached as **Exhibit 1**.

DATED: July 23, 2026                    Respectfully submitted,

                                        */s/ Keith A. Vogt*
                                        Keith A. Vogt
                                        FL Bar No. 1036084/IL Bar No. 6207971
                                        Keith A. Vogt PLLC
                                        1820 NE 163rd Street, Suite #306
                                        North Miami Beach, Florida 33162
                                        Telephone: 312-971-6752
                                        E-mail: keith@vogtip.com

                                        ***ATTORNEY FOR PLAINTIFF***

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 23, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

/s/ Keith A. Vogt
Keith A. Vogt

15