# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AIDONG ZOU, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 23 C 16600 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| THE ENTITIES AND INDIVDUALS | ) | |
| IDENFIED IN ANNEX A, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

Plaintiff Aidon Zou filed this action against 149 defendants alleging violations of federal copyright law pursuant to 17 U.S.C. § 501 *et seq*. (Dkt. 2). A subset of the defendants—Duailipin (#5), Alayger (#6), VRPQ (#8), OLDSH (#1), RRGIOH (#2), Shenzhen Tinff Technology Co., Ltd. (#11), and SUMMERJOY's (#143) (hereinafter "Defendants")—moved to sever Zou's claims against them from his claims against the remaining defendants. For the reasons discussed below, the Court denies Defendants' Motion to Sever [38].

## BACKGROUND

Zou holds copyrights for two teddy bear slipper products, which protect the "[s]culptural features" that are "capable of existing independently of the utilitarian aspects" of the slipper. (Dkts. 2 at ¶¶ 62–63, 2-1, 2-2). The copyrights were both registered in November 2023, but they bear dates of first publication in July 2019 and July 2020 respectively. (Dkts. 2-1, 2-2).

At some point after making his slippers available for purchase online, Zou realized that online merchants were selling similar products. (*Id*. at ¶ 3). Zou filed this action in December 2023, alleging that a group of 149 foreign individuals and entities violated his copyrights. (*Id*. at ¶ 4).

Defendants operate various "e-commerce stores" on third-party online platforms wherein they sell allegedly unauthorized reproductions Zou's copyrighted slippers. (*Id*. ¶¶ 3-6). Zou claims that Defendants all purchase their infringing products from one or more major manufacturers in China. (*Id*. at ¶ 5). Defendants now move to sever the claims against them. (Dkt. 38).

## LEGAL STANDARD

Under Rule 20, "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question

1

of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In addition to the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay. At root, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Though not binding on this Court, in many courts such requirements for joinder are "liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive outcome of the action." *Lane v. Tschetter*, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007). An examination of each of these requirements shows that joinder is proper at this time.

## DISCUSSION

Defendants filed a motion to sever claims against them from those against the other remaining defendants. (Dkt. 38). Defendants' motion asserts that joinder is improper because Zou has not met the requirements for permissive joinder under Federal Rule of Civil Procedure 20. (Dkt. 39 at 1). Specifically, Defendants assert that Zou failed to show that his claims against Defendants arise out of the same transaction, occurrence, or series of occurrences. (*Id*.). This argument is unavailing at this stage of the litigation.

Courts generally find that claims against different defendants arise out of the same transaction or occurrence if there is a logical relationship between the separate causes of action. *See In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13). *See also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed. 2001); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013).

Here, Zou has made well-pleaded allegations to satisfy Rule 20(a)(2)(A), which provides that joinder is proper if "any right to relief is asserted against [Defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." This test is flexible, and courts are encouraged to seek the "broadest possible scope of action consistent with fairness to the parties." *Gibbs*, 383 U.S. at 724, 86 S.Ct. 1130. Zou alleges that "all "Defendants are engag[ed] in [a] systematic approach of" selling infringing products under various aliases that allow Defendants to conceal their true identities." (Dkt. 2 at ¶¶ 51-53). Zou further claims that Defendants, acting in concert, employ and benefit from substantially similar advertising and marketing strategies. (*Id*. at ¶ 10).

Taking Zou's allegations as true, there is a clear logical relationship between Defendants' actions, as each Defendant copied Zou's work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity. Based on these allegations, Zou sufficiently alleged that each Defendants' infringement is part of the same series of occurrences.

Also, Zou alleges that Defendants each contracted with manufacturers and customers to produce and sell infringing products. (Dkt. 2 at ¶ 5). Thus, Defendants also participated in the same series of transactions which violated Zou's copyrights. Further, it bears mentioning that although

Defendants claim that they are not acting in concert, they move as one to sever the claims against them.

Zou's well-pleaded allegations also satisfy Rule 20(a)(2)(B), which provides that joinder is proper if "any question of law or fact common to all defendants will arise in the action." Against Defendants, Zou alleges use of third-party manufacturers and online retailers to facilitate their production and sale of infringing products. Consequently, the factual inquiry into the means and methods used in any alleged copyright infringement will be substantially identical, as the methods Zou uses to investigate, uncover, and collect evidence about any infringing activity will be the same as to each of the Defendants. The Court recognizes that each Defendant may later present different factual circumstances to support individual legal defenses. "Prospective factual distinctions, however, will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011).

Finally, joinder at this stage is consistent with fairness to the parties and in the interest of judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for Zou and the remaining defendants. Joinder does not create any unnecessary delay, nor does it prejudice any party. If Defendants were severed, the ensuing additional cases would require their own proceedings. Zou would be prejudiced by such severance, as each resulting claim would require their own filing fees, a multiplication of expense that would further inhibit Zou's ability to protect his legal rights. Such obstacles would make it less likely that Zou could protect his copyrights in a cost-effective manner.

The Court has little reason to believe that any risk arises of unfairness or denial of individual justice to Defendants at this stage in the litigation. The case against each of them will be individually considered for purposes of any ruling on the merits. At this stage, joinder of Defendants promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome. Joinder at this stage is therefore consistent with fairness to the parties. Additionally, the two requirements of permissive joinder under Rule 20(a)(2) have been satisfied. The motion to sever is therefore denied without prejudice.

## CONCLUSION

For these reasons, the Court denies Defendants' motion to sever [38] for improper joinder.

_____
Virginia M. Kendall
United States District Judge

Date: March 8, 2024

3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANDERSON DESIGN GROUP, INC., | |
| Plaintiff, | |
| | Case No. 25-cv-11640 |
| v. | |
| | Judge Mary M. Rowland |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anderson Design Group, Inc. ("Anderson Design Group") brings this action for copyright infringement. Defendants OP poster, Heartwarming Art Painting, reborn Tong, The Arts House Sc, RCposter, EJJ Decorative Painting Expert, khaki poster, JQ WallArtHaven, LJHPainting Shop, BJX Digital oil painting expert, KSF decorative painting, FFD Decorative paintings and posters, YCX PixelPalette, poster heaven, SCN decorative painting, Fantastic Wall Decoration, Bieautiful poster, and WY Digital oil painting poster (together, the "Group A Defendants") move to dismiss for misjoinder. [45].

For the reasons stated, the Court holds the Motion to Dismiss [45] in abeyance pending limited discovery as to the relationships among the Group A Defendants.

### I. Background

Anderson Design Group is the owner of United States Copyright Registration No. VA 2-429-051 (the "Anderson Design Group Work"). [1] ¶¶ 5, 10; [1-1]. Anderson

1

Design Group alleges that the Group A Defendants are foreign entities who sell pirated derivative works of the Anderson Design Group Work. *Id.* ¶ 20. Anderson Design Group maintains that such actions constitute copyright infringement. *Id.*

On September 25, 2025, Anderson Design Group filed this action naming 181 Defendants. [1] [2]. Since then, most Defendants have been terminated, [25] [39] [44], with only the Group A Defendants remaining.[50].

On December 10, 2025, the Group A Defendants moved to dismiss, pursuant to Rule 20(a)(2), for improper joinder.[1] [45]. Though they are represented by the same defense counsel, the Group A Defendants maintain they are "different and not affiliated to each other" and therefore forcing them to litigate in a single action together is improper. *Id.* at 4, 8.

## II.    Analysis

This case presents an unusual set of facts. Ordinarily, joint representation of multiple defendants by the same defense counsel does not automatically imply coordination for purposes of joinder. But the scale here is difficult to ignore. By this Court's count, counsel for the Group A Defendants represents roughly 290 Schedule A defendants across this case and at least ten[2] other cases in this district. And in at

---

[1]As all other Defendants (*i.e.*, non-Group A Defendants) have been terminated from this action, the Court does not consider improper joinder with respect to those other Defendants.

[2]*Susan Florence Comish v. The P'ships et al.*, No. 25-cv-07049 (N.D. Ill. 2025); *Susan Florence Comish v. The P'ships et al.*, No. 25-cv-07393 (N.D. Ill. July 24, 2025); *Angela Isabel Porter v. The P'ships et al.*, No. 25-cv-08071 (N.D. Ill. Sept. 29, 2025); *Elaine Kay Maier v. The P'ships et al.*, No. 25-cv-07534 (N.D. Ill. 2025); *Greg Alexander v. The P'ships et al.*, No. 25-cv-07026 (N.D. Ill. Sept. 4, 2025); *Laurie Snow Hein v. the P'ships et al.*, 1:25-cv-12608 (N.D. Ill. Dec. 15, 2025); *Michele Natale d/b/a Michael*

least eight of those other cases, nearly identical motions to dismiss for misjoinder have been filed. It is highly unlikely that 290 unaffiliated defendants independently reached the same counsel and then aligned on a joint defense strategy. The more plausible explanation is that some central entity is coordinating these filings and directing counsel on behalf of those defendants.

Counsel's own admissions confirm this. In the case before Judge Durkin, counsel for the Group A Defendants acknowledged that he communicates with a "single representative" for all of the Schedule A defendants he represents in that case. *Hein*, 1:25-cv-12608, [39] at 3:16–4:3. Though no such admission has been made here, when considered alongside the lockstep conduct across the eight cases, it suggests that the Group A Defendants are also being coordinated via a central entity. That arrangement is inconsistent with the notion that the Group A Defendants are unaffiliated.

Given the unique circumstances presented, the Court believes that limited discovery into the relationships among the Group A Defendants is the most prudent course of action. If discovery reveals a relationship among all of the Group A Defendants, this case can proceed with them together. If it instead reveals coordination among distinct groups of the Group A Defendants, the Court can sever those groups into separate cases. And, of course, if the Group A Defendants' assertion

---

*Christmas Art v. The P'ships et al.*, No. 25-cv-11164 (N.D. Ill. Dec. 10, 2025); *Elan Harris v. The P'ships et al.*, No. 25-cv-12180 (N.D. Ill. Dec. 15, 2025); *Caroline Valsaint v. The P'ships et al.*, No. 25-cv-12919 (N.D. Ill. Dec. 15, 2025); *Catherine Frances Raynor v. The P'ships et al.*, No. 25-cv-11809 (N.D. Ill. Dec. 10, 2025).

that they are "not affiliated with each other" holds true, the Court can pursue other remedies.

## III.  Conclusion

For the stated reasons, the Court will hold the Group A Defendants' Motion to Dismiss [45] in abeyance pending limited expedited discovery as to the relationships among the Group A Defendants. The Court grants Anderson Design Group 60 days to complete this discovery. By May 1, 2026, Anderson Design Group and the Group A Defendants shall submit a joint status report containing agreed upon dates for serving and answering written discovery and the parameters of such discovery.

E N T E R:

Dated: April 24, 2026

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge

4

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
### Eastern Division

Laurie Snow Hein

          Plaintiff,

v.                Case No.:
                1:25−cv−12608

                Honorable Thomas M.
                Durkin

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 4, 2026:

  MINUTE entry before the Honorable Thomas M. Durkin: Telephone status hearing held on 3/4/2026. The motion to dismiss for misjoinder [29] is denied without prejudice. Remaining defendants are to file their answer by 3/25/2026. By 4/1/2026 the parties are to submit a joint status report with a proposed discovery schedule. A telephone status hearing is set for 4/14/2026 at 9:15 a.m. To join the telephone conference, dial (650) 479–3207, Access Code 180 815 7648. Throughout the hearing, each speaker will be expected to identify themselves for the record before speaking. Counsel must be in a quiet area while on the line. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
### Eastern Division

Elaine Kay Maier

                                         Plaintiff,

v.                                                    Case No.:
                                                      1:25−cv−07534
                                                      Honorable Jorge L.
                                                      Alonso

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

                                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 25, 2026:

        MINUTE entry before the Honorable Jorge L. Alonso: The Court denies without prejudice Defendant's motion to dismiss [40] on the basis of improper joinder. The Court agrees with the logic set out by Judge Durkin in a recent oral ruling concerning a similar motion. Hein v. Schedule A, 25−cv−12608, ECF No. 39. Specifically, at this early stage of the case, the Court is satisfied that the complaint adequately pleads sufficient facts supporting permissive joinder. To the extent Defendants can point to prejudice of joinder at a later time in either discovery or at trial, or the facts elicited through discovery confirm that joinder is inappropriate, the Court will revisit this decision. Defendants shall file their answer to the complaint within 28 days. By 4/17/26 the parties shall file a joint status report. A template for the Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Alonso's name and then again on the link entitled 'Initial Status Hearings. The Court sets an initial status hearing for 4/22/26 at 9:30 AM. Members of the public and media will be able to call in to listen to this hearing. The call−in number is 650−479−3207 and the access code is 1804010308. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 24 C 12487 |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | Judge Charles P. Kocoras |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Defendant JINNAN-US's motion to dismiss [85] is denied.  See Statement.

**STATEMENT**

This case arises out of the alleged infringement of Plaintiff's trademarks by over 80 defendants, including Defendant A3K19X9DNOLWWZ ("JINNAN-US").  Before the Court is JINNAN-US's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and improper joinder.

The following facts come from the Complaint and are assumed true for the purposes of this motion.  *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).  The Court accepts as true well-pleaded facts and draws all reasonable inferences in Plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff is the owner of Milwaukee Electric Tool Corporation ("Milwaukee"), a company that develops, manufactures, and markets power tools. Plaintiff owns various registered trademarks in connection with its business. Plaintiff's trademarks are distinctive and used to identify its merchandise as authentic products.

Defendants, including JINNAN-US, are international entities that engage in the business of selling counterfeit Milwaukee products to consumers via interactive commercial websites and online marketplaces such as Amazon, iOffer, and Temu. Defendants' business extends across the United States, including here in Illinois. Defendants use the Milwaukee trademarks for the advertisement, distribution, offering for sale, and sale of their counterfeit products.

Defendants design their online stores to appear as though they are selling genuine Milwaukee products. The stores often contain images and designs that could lead a consumer to believe that they are purchasing products from an authorized website. Defendants also use Milwaukee trademarks in the content and meta tags of their website to attract traffic to their website. Plaintiff emphasizes that it has not licensed or authorized Defendants to use Milwaukee trademarks and that none of the Defendants are authorized retailers of Milwaukee tool products.

To protect its brand, Plaintiff filed this suit against 84 defendants alleging: (1) federal trademark infringement and counterfeiting; (2) false designation of origin; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act. Defendant JINNAN-US moves to dismiss the claims against it, contending that the Complaint fails

2

to attribute any unlawful conduct specifically to JINNAN-US and that Plaintiff improperly joined the parties in this action.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the Complaint only needs to include "sufficient facts to state a claim for relief that is plausible on its face." *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (internal quotations omitted).

## DISCUSSION

### I. Sufficient Pleading under F.R.C.P. 8(a)

JINNAN-US first argues that Milwaukee failed to meaningfully differentiate among the Defendants in its Complaint, leading to confusion as to which claims pertain to which Defendant. Put differently, JINNAN-US takes issue with Plaintiff's group pleading. *See Cosby v. Rodriquez*, 711 F. Supp. 3d 983, 997 (N.D. Ill. 2024) ("Group pleading, in which a plaintiff refers to a collective group of defendants as opposed to specifically identifying individual action, can run afoul of these pleading requirements.") (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . .

3

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The key to satisfying Rule 8 is that [a plaintiff] "put[s] the defendants on notice of what exactly they might have done to violate [its] rights." *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. 2014). Because the Complaint fails to tie any of Plaintiff's trademarks to JINNAN-US specifically, JINNAN-US argues that the Complaint fails to put it on notice of the claims brought against it.

"Group pleading, however, is not per se improper. A complaint survives if any group pleadings, taken along with any individual pleadings, create the plausible inference that each defendant is liable." *Gorgas v. Amazon.com, Inc.*, 2023 WL 4209489, at *3 (N.D. Ill. 2023). "Under Federal Rule of Civil Procedure 8, collective pleading is permissible so long as the complaint places each defendant on notice of why they are being sued." *Green Dolphin Cap. LLC v. JPMorgan Chase Bank, N.A.*, 2020 WL 5545700, at *2 (N.D. Ill. 2020). We find that the Complaint meets this standard.

The Complaint "notified [JINNAN-US] which trademark registrations were infringed, how the trademark allegations were infringed, and that the infringement was done without authorization." Dkt. # 124 at 4. The Complaint also alleges that Defendants, including JINNAN-US, "deceive unknowing consumers by using the MILWAUKEE Trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MILWAUKEE TOOL products" and that Defendants "knowingly and willfully used and continue to use the MILWAUKEE

4

Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit MILWAUKEE TOOL products into the United States and Illinois over the Internet." *Id*. ¶ 16, 21. These allegations make it plausible that JINNAN-US infringed on Plaintiff's trademark rights. That is all the *Twombly/Iqbal* plausibility pleading standard requires. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly,* 550 U.S. at 570). JINNAN-US's motion to dismiss is denied on this issue.

## II.    Nominal Fair Use

JINNAN-US next argues that Plaintiff's claims against it should be dismissed because its use of the "MILWAUKEE" trademark is nominal fair use. Nominal fair use "occurs when the alleged infringer uses the trademark holder's mark to describe the trademark holder's product, even if the alleged infringer's ultimate goal is to describe his own product." *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2021 WL 5833986, at *3 (N.D. Ill. 2021) (internal quotations omitted).

The Seventh Circuit has yet to recognize the nominal fair use defense. *Slep–Tone Entertainment Corporation v. Coyne*, 41 F.Supp.3d 707, 717 (N.D. Ill. 2014) ("[i]t does not appear that any circuit has joined the Ninth Circuit's recognition of the nominative fair use defense."). We decline to adopt that defense here.

## III.   Improper Joinder

JINNAN-US's closing argument is that it was improperly joined as a party. Under Rule 20(a)(2), defendants may be joined in a single action only if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). "A party that seeks joinder bears the burden of demonstrating that joinder is proper under [Rule] 20(a)(2)." *Damian v. EIN CAP, Inc.*, 2023 WL 2561586, at *2 (N.D. Ill. 2023) (internal quotations omitted).

Plaintiff alleges that Defendants are operating under the same transaction, occurrence, or series of transactions or occurrences "because (1) defendants use nondescript Seller Aliases; (2) no credible information regarding defendants' physical addresses is provided; and (3) defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement." Dkt. # 124 at 18. Plaintiff also argues that "[e]ven if defendants are not directly coordinating, Plaintiff alleges that defendants take advantage of a set of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders – to violate [Plaintiff's] designs with impunity." *Id*. at 19. Plaintiff also states that joinder at this stage serves to conserve judicial resources, as requiring Plaintiff to file cases against each Defendant

6

individually would be extremely cumbersome and would not benefit either the party or the Court. We agree.

The principles governing joinder guide us here. The purpose of the joinder doctrine is to conserve judicial resources, reduce redundancy, and to save costs. *See In re BitTorrent Copyright Infringement Cases*, 2013 WL 501443, at *1 (C.D. Ill. 2013). Forcing Plaintiff to file separate cases against 80 different defendants would be an undue burden for both Plaintiff and the courts. Plaintiff has met its burden of establishing that joinder is proper in this case. JINNAN-US's motion to dismiss for misjoinder is denied.

## IV. Attorney's Fees

The Court denies JINNAN-US's motion for attorney fees, because it has not shown that this case is exceptional as required by 15 U.S.C. § 1117. Each party is responsible for their own expenses.

## CONCLUSION

For the foregoing reasons, Defendant JINNAN-US's motion to dismiss [85] is denied. It is so ordered.

Dated: 5/28/2025

Charles P. Kocoras
United States District Judge

7

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Ubifunstudio Co., Ltd.

Plaintiff,

v.

Case No.:
1:25−cv−03543

Honorable Franklin
U. Valderrama

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS , AND
ININCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 18, 2025:

MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated in the motion, as well as the declaration and exhibits submitted in support [10], the Court finds that Plaintiff has shown that, at this stage, the requirements of Fed. R. Civ. P. 20 are met. The Court therefore grants Plaintiff's motion for joinder [10]. The Court directs Plaintiff to file a status report regarding the status of service and anything else the Court should know about the status of the case on or before 8/18/2025. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.