**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CECILIA GRANATA,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC MATRIX TECHNOLOGY, CO.,<br><br>Defendant. | No. 26 CV 2297<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cecilia Granata is an illustrator and tattoo artist whose graphics feature traditional design elements mixed with anthropomorphic plants. Plaintiff owns three federal copyrights covering her works. Plaintiff initiated this "Schedule A" litigation against twenty-two individuals and business entities, alleging copyright infringement. Defendant Magic Matrix, identified with the alias "urlinen" on Schedule A, moves to dismiss for lack of personal jurisdiction. In the alternative, defendant moves to dismiss on the grounds of improper joinder. For the reasons discussed below, the motion is denied.

## I. Legal Standards

Federal Rule of Civil Procedure 12(b)(2) governs dismissals based on lack of personal jurisdiction. When a defendant challenges jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022). If the decision is based solely on written materials without an evidentiary hearing, the plaintiff need only

make a prima facie showing of personal jurisdiction over the defendant. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). All well-pleaded facts alleged in the complaint are taken as true and any factual disputes are resolved in plaintiff's favor. *Id.*

Federal Rule of Civil Procedure 20(a)(2) permits a plaintiff to join multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). While Rule 20 is broad, "[u]nrelated claims against different defendants belong in different suits." *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, a court may add a party, drop a party, or sever any claim against a party. *Id.*

## II. Background

Plaintiff Cecilia Granata is an illustrator and tattoo artist whose artwork features the bold colors and linework of traditional tattoo design mixed with anthropomorphic plants. [1] ¶ 8.[1] Plaintiff owns three registered copyrights covering Cecilia Granata works. [1] ¶ 10. According to plaintiff, her products are recognizable to consumers and the public. [1] ¶ 9.

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing. The facts are taken from the complaint, [1].

Plaintiff initiated this "Schedule A" litigation in March 2026 against twenty-two individuals and business entities located in the People's Republic of China or other foreign jurisdictions, asserting claims of copyright infringement. [1] ¶¶ 16–22. Defendants conduct business throughout the United States by operating interactive commercial websites and online marketplaces. [1] ¶ 16.

Of the twenty-two defendants, four have appeared in the case. [20]; [21]; [24]; [30]. Defendant Magic Matrix Technology (identified as Defendant 16 with the alias "urilinen" on Schedule A) now moves to dismiss for lack of personal jurisdiction, or in the alternative, for improper joinder. [31].

## III. Analysis

### A. Personal Jurisdiction

#### *1. Purposeful Availment*

Defendant first argues that the complaint should be dismissed because "plaintiff has failed to establish personal jurisdiction" over it. [31] at 3. But "a complaint need not include facts alleging personal jurisdiction." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). Plaintiff needs only make a prima facie showing of jurisdiction. *See Matlin*, 921 F.3d at 705. Here, plaintiff's counsel has submitted a declaration in support of her argument for personal jurisdiction. [35-2].

With exceptions not relevant here, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1). The Illinois long-arm statute confers personal jurisdiction if "permitted by the Illinois Constitution and the Constitution

of the United States." 735 ILCS 5/2-209(c); *see also J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). Thus, the question is whether exercising personal jurisdiction on Magic Matrix "comports with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

Personal jurisdiction can be general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Plaintiff does not argue that Magic Matrix is subject to general jurisdiction in Illinois but instead argues that defendant is subject to specific jurisdiction for its suit-related contacts with the state. [35] at 3–5.

Specific jurisdiction analyzes the connection between the defendant, the forum, and the underlying controversy. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 395 (7th Cir. 2020). Jurisdiction is proper when the defendant takes some act by which it "purposefully avails itself of the privilege of conducting activities with the forum State." *Ford Motor*, 592 U.S. at 359. The defendant's contacts with the forum state must be its own choice and not random or fortuitous. *Id.* And the litigation must arise out of or relate to those contacts. *B.D. ex rel. Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024).

According to plaintiff, Magic Matrix purposefully availed itself of the privilege of conducting activities in Illinois when it shipped an infringing product into the state. [35] at 3. Before filing suit, an investigator acting at the direction of plaintiff's counsel placed an order through defendant's online storefront. [35-2] at 2. The order was accepted, confirmed, shipped, and delivered to Illinois. [35-2] at 2.

Defendant does not deny that it shipped this product into Illinois. Instead, defendant argues that "[a] single, Plaintiff-orchestrated test purchase cannot establish purposefully directed activities" and that the "single-transaction record is legally insufficient to establish that Magic Matrix purposefully availed itself of the Illinois market." [37] at 3.[2]

But *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), holds otherwise. In *NBA Properties*, the plaintiff brought a trademark-infringement action against the marketer and distributor of infringing products. 46 F.4th at 617. The defendant moved to dismiss on the grounds that the court lacked personal jurisdiction over it because it did not expressly aim conduct at Illinois. *Id.* at 618. Specifically, the defendant argued that operating a website alone was not enough to establish that it had expressly aimed its commercial activity at Illinois, and even if it had, a single transaction initiated by the plaintiff could not constitute a sufficient basis for jurisdiction. *Id.*

The court rejected both of these arguments. Though the personal jurisdiction analysis focuses on the contacts among the defendant, the forum, and the litigation, "[i]f the defendant exploits the forum market, it is subject to the jurisdiction of the forum." *Id.* at 623. As the court explained, physical presence is not necessary. Through operating an online store, the defendant "unequivocally asserted a

[2] True, "the plaintiff cannot be the only link between the defendant and the forum." [37] at 3 (quoting *Walden*, 571 U.S. at 285). But the link here is not Cecilia Granata; it is defendant's sale of a product into Illinois that links defendant to Illinois.

willingness to ship goods to Illinois and established the capacity to do so." *Id.* at 624. The plaintiff's "motivations in purchasing the allegedly illegal item are in no way relevant to" the minimum-contacts analysis. *Id.*

Similarly, "[t]he question is not whether the plaintiff purchased enough goods to subject the defendant to personal jurisdiction. The focus is whether [the defendant] purposefully directed its conduct at Illinois." *Id.* at 625. For this reason, the court rejected the defendant's argument that a single transaction was insufficient to establish jurisdiction. *Id.* at 624–25.

Defendant tries to distinguish this case from *NBA Properties* on the grounds that the claim in *NBA Properties* was "directed to counterfeited NBA merchandise that likely included Chicago Bulls merchandise that would implicitly be directed to Chicago Bulls fans in Illinois." [37] at 4. Not only does the court never mention the Chicago Bulls, but the court also clarified the lack of a "per se requirement that the defendant especially target the forum in its business activity; it is sufficient that the defendant could foresee that its product would be sold in the forum." *NBA Props.*, 46 F.4th at 623 (quoting *Curry*, 949 F.3d at 399). Maintaining a commercial website from which one could order goods to Illinois and actually sending a package to Illinois makes the sale of such goods into the state foreseeable. *See id.* Magic Matrix purposefully exploited the Illinois market.

*2. Suit-Related Conduct*

Specific jurisdiction also requires that defendant's minimum contacts with Illinois be suit-related. *Curry*, 949 F.3d at 400. There must be a connection between

the forum state and the specific claims at issue. *See id.* According to defendant, Cecilia Granata has failed to demonstrate that her alleged injury arises out of or relates to defendant's forum-related activities. [37] at 5.

Defendant cites *Advanced Tactical Ordinance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014), for the proposition that mere sales to forum-state customers are insufficient to establish personal jurisdiction absent a specific showing that those contacts have a causal connection to the alleged infringement harm. [37] at 5. But *NBA Properties* clarified that the relatedness "requirement is met when direct sales from the defendant in the forum state involve the infringing product," 46 F.4th at 625, and there was also no evidence that the sales to the forum in *Advanced Tactical* had any connection with the litigation, 751 F.3d at 801.

By contrast, Cecilia Granata has alleged that defendant has sold infringing products into Illinois. The Federal Copyright Act provides that "the owner of copyright … has the exclusive rights … to distribute copies or phonorecords of the copyrighted work to the public by sale." 17 U.S.C. § 106(3). Plaintiff has plausibly alleged that the sale of defendant's product in Illinois contributed to (and furthered) the violation of her rights under the Copyright Act.

*3. Fair Play and Substantial Justice*

In its reply, defendant makes the additional argument that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. [37] at 5–7. According to defendant, allowing plaintiff to establish jurisdiction

"based on a single, low-value transaction would essentially grant copyright holders nationwide, unchecked jurisdiction over any online merchant in the country." [37] at 7. The court has consistently rejected this argument. *See, e.g.*, *NBA Props.*, 46 F.4th at 627 ("There is no unfairness in requiring a defendant to defend a lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much.") (quoting *Curry*, 949 F.3d at 402); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (faulting the defendant for wanting "the benefit of a nationwide business model with none of the exposure").

Defendant offered to sell, sold, and accepted payment from an Illinois recipient. [35-2] at 2. The fact that the purchaser was an agent acting at the direction of plaintiff's attorney does not detract from defendant's choices. It is not unfair to litigate the dispute in this forum, where defendant has purposefully availed itself of conducting business and is alleged to have used that business to violate the Copyright Act by selling infringing products into Illinois. Defendant is subject to jurisdiction in Illinois.

**B. Joinder**

Defendant next argues that the court should "sever and dismiss" the claims against it due to improper joinder. [31] at 5–7. In support of this argument, defendant cites several cases in this district finding "that plaintiffs cannot satisfy Rule 20 merely by alleging that multiple defendants infringed the same intellectual property." [31] at 7. For example, in *Roadget Bus. Pte. Ltd. v. Schedule A*, 735 F.Supp.3d 981 (N.D. Ill. 2024), the court explained that separate instances of

infringement attributable to different defendants could not satisfy Rule 20's requirements. 735 F.Supp.3d at 985. The court similarly rejected the plaintiff's argument that the relatively small number of defendants weighed in favor of permissive joinder. *Id.* at 986. Similar to plaintiff's characterization of this case as "swarm trafficking," the plaintiff in *Roadget* called the case one of "mass infringement." *Id.*

Plaintiff attempts to distinguish defendant's authority by arguing that those cases alleged only parallel conduct (i.e., that unrelated sellers happened to infringe the same works on the same platform, with no facts binding the listings to a course of dealing). [35] at 9–10 (citing *Roadget*, 735 F.Supp.3d at 985; *Ilustrata Servicos Design v. Schedule A*, 2021 WL 5396690 (N.D. Ill. Nov. 18, 2021)). Here, plaintiff alleges that the joined defendants' activities "blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences." [1] at 3. In other words, regardless of whether the named defendants were working together to infringe on plaintiff's copyrights, the defendants' common objective supports permissive joinder. [35] at 10.

I am not convinced that defendants shared a common objective such that each defendant's conduct should be joined in a single case. The present record reveals no blended impression from defendants' collective footprint, or that any cumulative results can be inferred from defendants' conduct. That each defendant wants to profit from infringement does not make one's sales part of any other retailer's transactions or occurrences. Without some showing that a central supplier provides a link to

defendants' retail distribution or that other connections bind all defendants, the description "swarm trafficking" is an empty phrase for joinder purposes. Plaintiff's resort to judicial economy is not persuasive. Experience teaches that resolving a case involving dozens of defendants (even when most default) is a drain on judicial resources, so much so that the term "Schedule A" is what creates a negative impression, not the underlying alleged infringement. Plaintiffs in Schedule A cases are using the court system and should pay filing fees commensurate with the costs they impose on it.

But at this early stage of the litigation, it is possible that claims against the four defendants who have appeared could be efficiently handled in a single proceeding, and discovery may reveal a stronger connection than just selling the same product. The analysis under Rule 20 is flexible: courts are encouraged to seek the "broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Dismissal is not a remedy for misjoinder, *see* Fed. R. Civ. P. 21, and Magic Matrix has identified no prejudice from joinder. To the extent that defendant can point to prejudice from joinder at a later time in either discovery or at trial, the court will revisit severance.

## IV. Conclusion

Defendant's motion to dismiss for lack of personal jurisdiction and improper joinder, [31], is denied. Defendant Magic Matrix shall answer the complaint by November 2, 2026. The parties shall propose a case schedule in a joint status report

due November 9, 2026. Plaintiff should include the status of the remaining defendants in this report.

ENTER:

Manish S. Shah
United States District Judge

Date: October 19, 2026